AO 93B  (Rev. 11/13) Anticipatory Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
### Western District of New York

*UNITED STATES DISTRICT COURT*
*FILED*
*JUL 28 2022*
*MARY C. LOEWENGUTH, CLERK*
*WESTERN DISTRICT OF NY*

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.   22-MJ-4080 |
| The premises and real property located at 24 Rose Street, Geneva, New York 14456, as more particularly described in Attachment A. | ) ) ) | |

## ANTICIPATORY SEARCH AND SEIZURE WARRANT

To:       Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Western___ District of ___New York___
*(identify the person or describe the property to be searched and give its location)*:
The premises and real property located at 24 Rose Street, Geneva, New York  14456, as more particularly described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property UPON OCCURRENCE OF THE FOLLOWING CONDITION(S) *(state the condition(s) which must occur to establish probable cause)*:
The accepted delivery of the subject parcel to an individual at 24 Rose Street, Geneva, New York  14456 and either when law enforcement receives the transmitted signal indicating the package was opened, or within a reasonable time after the parcel enters the subject premises or is taken by someone who just left the subject premises.

I further find that upon the occurrence of the conditions specified above, such search will reveal *(identify the person or describe the property to be seized)*:
See Attachment B for the items to be seized, all of which are fruits, evidence and instrumentalities related to attempted possession with intent to distribute controlled substances in violation of 21 USC 841 and 846.  The subject parcel is a USPS International Parcel addressed to Emmy White at the Subject Premises, as more particularly described in Attachment C.

**YOU ARE COMMANDED** to execute this warrant on or before ___July 19, 2022___     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

IF THE CONDITION(S) DESCRIBED ABOVE HAVE NOT OCCURRED, THIS WARRANT MUST NOT BE EXECUTED.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Hon. Marian W. Payson___ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b),  I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   ___July 5, 2022 at 3 pm___

*Marian W. Payson*
*Judge's signature*

City and state:   ___Rochester, New York___

Hon. Marian W. Payson, U.S. Magistrate Judge
*Printed name and title*

AO 93B  (Rev. 11/13) Anticipatory Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>22-MJ-4080 | Date and time warrant executed:<br>07/07/2022    12:00 | Copy of warrant and inventory left with:<br>Emmy WHITE |

| Inventory made in the presence of :<br>SA Kiara Jamieson |
|---|

Inventory of the property taken and name of any person(s) seized:

Packaging Material

Samsung fold phone (w/ pink case)

Dell laptop

Suspected Bath Salts

Misc. Documents

Kindle tablet

Samsung TCL phone w/ case

Apple iPhone

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 7/22/2022

_____
*Executing officer's signature*

Special Agent Jerrod Kremblas
*Printed name and title*

**ATTACHMENT A**

**DESCRIPTION OF PREMISES TO BE SEARCHED**

The Subject Premises is a three-story residence located at 24 Rose Street, Geneva, New York 14456 with an attic space on the third floor.  The residence is tan in color with a white front door off an enclosed front porch.  The house number which in Google Maps is shown as being to the right of the front door is now covered by a hanging white flag with a large red star printed on it (photo taken on June 22, 2022).  There is TV satellite dish located on the roof's left-hand side of the residence.

 

*Photos above taken by SA Kremblas on June 22, 2022.  Photo below from Google Maps.*



## ATTACHMENT B

## SCHEDULE OF ITEMS TO BE SEIZED AND SEARCHED

1. Materials commonly used in the sale of Alpha-PHP such as scales, pill presses, packaging materials.

2. Mail packaging indictive of receiving or selling controlled substances via the United States Postal Service, FedEx, DHL, UPS, or any other mail service.

3. Records, items and documents reflecting purchases of controlled substances and/or travel in furtherance of drug trafficking, including credit card receipts, correspondence, airline tickets, hotel and restaurant receipts, canceled checks, maps and written directions to locations.

4. Money ledgers, distribution or customer lists, supplier lists, correspondence, notations, logs, receipts, invoices, orders, journals, books, records and other documents noting the price, quantity, and/or times when drugs were obtained, transferred, sold, distributed, and / or concealed.

5. Bank account records, wire transfer records, bank statements, safe deposit box keys and records, money containers including safes, financial records, and notes showing payment, receipt, concealment, transfer, or movement of money generated from the sale of controlled substances.

6. Indicia of occupancy, residency or ownership of the Subject Premises including utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease or rental agreements, escrow document, canceled envelopes and keys.

7. Records of off-site locations to store records or controlled substances, including safe deposit box keys, records and receipts and rental agreements for storage facilities.

8. Any lockbox, safe, or vault found on the premises.

9. Cash, jewelry and other assets derived from the sale of controlled substances.

10. Cellular telephones, personal computers, tablets, smart cellular telephones, paging devices, beepers, and other communication devices and data contained therein, for evidence of possession with intent to distribute or distribution of a controlled substance, or participation in a conspiracy to manufacture or distribute controlled substances, including:

    a. Any subscriber or contact information to include, names, addresses, telephone numbers, email addresses or other identifier;

    b. Any call log information, including missed, incoming and outgoing calls and any information associated with those numbers;

    c. Any photographs, video and audio files,

    d. Any text message, email messages, chats multimedia messages, installed applications or other electronic communications;

    e. Any calendar, note, password, dictionary entries;

    f. Any internet or browser entries or history; and

    g. Any system, data, or configuration information contained with the device.

## ATTACHMENT C

## SUBJECT PARCEL

The Subject Parcel is pictured below and is described as a white mailing parcel with no tracking numbers attached. The package is labeled with a white mailing sticker addressed to Emmy White, 24 Rose Street, Geneva, New York 14456. This package has a return label addressed to: Robert Jones, Calle de la Paz, 6, 03170 Rojales Spain.



(Final Version Mag. Payson 5-4-04)

## ADDENDUM TO SEARCH WARRANT
## SEARCH OF COMPUTERS

1.   The computer or electronic media search authorized by this warrant shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court.

2.   In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself.

3.   Should the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including any extensions granted), the government shall return the computer or electronic media to the owner.

4.   In any circumstance not covered by paragraph three (3) above, upon completion of the search, the government, upon request of the owner of the computer, shall promptly return to the owner of the computer copies of all files and documents requested and specified by the owner, excluding any items or files seized pursuant to the warrant or other fruits, contraband, instrumentalities or property subject to forfeiture.

5.   If electronically stored data or documents have been identified by the government pursuant to this warrant, or other fruits, contraband, instrumentalities or property subject to forfeiture, the government may retain the original hard drive or other data storage mechanism pending further order of this Court.   The retention of the original hard drive or other data storage mechanism does not relieve the government of its obligation to return to the owner of the computer files, documents or other electronically stored information identified in paragraph four (4) above.

6.   Nothing in this warrant shall limit or prevent the government from retaining the computer or electronic media as fruits, contraband, or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein.   Nothing in the warrant shall limit or prevent the owner of the computer or electronic media from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data. Software or hardware.

7.   Should there be a dispute or a question over ownership of any computer or any electronically stored data or documents stored therein, the government shall promptly notify this Court so that such dispute or question can be resolved.